Ordronaux, Commissioner.
I have the honor to report that, in compliance with your request, I called at the residence of Mrs. Eliza Gilbert, Ho. 497 East Houston street, in the city of Hew York, on Friday, July 28, 1876, and spent two hours in an examination of her mental condition, with reference to determining her legal capacity to make the gift of property during her life-time, for which she prays permission in her petition of March 31, 1.876, addressed to this honorable court.
I found Mrs. Gilbert occupying two rooms on the second floor of the house in which she resides. Everything appeared neat, orderly and thrifty. She is a person of nearly seventy years of age, her mind enfeebled by her past insanity, but not more so than *224 many persons of her age who have never been the subjects of that disease. She converses rationally about herself, her relatives, and her property, and exhibits prudence and economy in all her methods of expenditure-of her monthly allowance of $75 from her committee. She explained satisfactorily to me how it was expended in supporting herself and contributing to that of two indigent sisters. She kept no account of items, although limiting herself in a general way to a fixed amount of daily expenditure, so that she does not appear ever to have been in arrears in her accounts. One dollar a day was the sum allotted for her support in the •purchase of provisions, and if she transcended it on any day in order to entertain a visitor, she diminished her-, expenditure on the next day to maintain the balance in her favor. She pays in addition $9 per month for rent. The residue of her monthly allowance was spent, as-before stated, in helping two needy sisters.
Although her mind is weak, and she can not make-calculations of figures involving fractions of decimals, a point on which many women of her age, and even, younger, who are not insane are incompetent, I find nevertheless that she has a correct general knowledge-of her estate, distinguishes by name the real estate from mortgages and moneys in the savings banks, knows-that one pays rents and the others interest, and is as-well informed as she can be, in view of the fact that her-committee furnishes her with no details of her accounts-co which she can refer for the purpose of refreshing her memory. Mr. Robinson married her niece, and confiding in his integrity she has never exacted that particularity in accounts which she otherwise would.
It does not appear that her contemplated gift to her relatives is the fruit of any importunity or undue influence upon their part. The desire was spontaneous on her part and springs from a rational conception of their circumstances, and better still, from a knowledge that *225 there was enough money in the savings bank to enable her to make the gift without encroaching upon her means of support; I take this display of affectionate interest in her poor relatives, and her careful computation of the amount of the gift, so as not to impoverish herself, as two of the strongest proofs of her mental capacity to judge rightly, and of her consequent legal capacity to dispose of the amount of property named in her petition. The distribution among her nearest kin was intended to be equal, such in fact as the law of natural affection would dictate, and had it occured in a will, it would have been considered an officious instrument.
From- all which facts and findings I am of opinion that Mrs. Eliza Gilbert is possessed of such a measure of mental health and powers as constitutes, in the eye of the law, legal capacity to make the gift mentioned in her petition of March 31, 1876.
•Annexed are the minutes of my examination of her*
Upon this report an order of court was made granting the petition.